IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41538
Summary Calendar
_____


EARL TAYLOR, JR.,

                                        Plaintiff-Appellant,

versus

JERRY COOK ET AL.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:93-CV-12
- - - - - - - - - - -
May 21, 1999

Before REAVLEY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Earl Taylor, Jr., Texas prisoner # 609594, appeals the summary-judgment dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983. He contends that the district court erroneously concluded that the law library at the Fillyaw Detention Center where he was incarcerated for approximately nine months was adequate to provide him with meaningful access to the courts. While concluding that the library was sufficient to enable him to file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals, he contends, the district

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court failed to consider whether the library was adequate to enable him to file a petition for state habeas relief.

Taylor also contends that the district court failed to consider applicable state law in granting summary judgment. He further argues that the district court abused its discretion in making several procedural rulings. Specifically, he alleges that the court abused its discretion in dismissing defendants Cook, Watson, and Poindexter for lack of service and in refusing to grant him a default judgment for defendant Powell's alleged failure to comply with the district court's discovery orders. He also contends that the district court abused its discretion in granting defendant Powell an extension within which to file an answer to Taylor's complaint.

This court reviews a grant of summary judgment de novo, applying the same standard as did the district court. Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Inmates have no general right of access to a law library or to legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). To establish that his right of access to the courts has been impinged, an inmate must demonstrate that the library's alleged inadequacies prevented him from presenting a nonfrivolous legal claim. Id. Taylor has demonstrated neither that the library at

the Fillyaw Detention Center was inadequate nor that the library's shortcomings stymied his efforts to pursue a PDR or a petition of habeas relief.

Taylor has likewise failed to demonstrate that the district court omitted to apply correct substantive law in granting summary judgment.  Moreover, the unavailing nature of Taylor's underlying claim renders his contentions regarding the district court's procedural rulings moot.  Accordingly, the summary-judgment dismissal of this action is AFFIRMED.